IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ronald Henry Harris,<br><br>　　　　Petitioner,<br><br>vs.<br><br>Dora Schriro, et al.,<br><br>　　　　Respondents. | No. CV-06-1653- PHX-JAT (LOA)<br><br>**REPORT AND RECOMMENDATION** |

This matter arises on Petitioner's Petition for Writ of Habeas Corpus by Person in State Custody Pursuant to 28 U.S.C. § 2254. (docket # 1) Respondents filed an Answer to the Petition asserting that it is untimely (docket # 9). Petitioner has not replied and the deadline has passed.

## **PROCEDURAL BACKGROUND**

On June 6, 2002 Petitioner was indicted in the Superior Court of Arizona, Maricopa County on five counts of sexual conduct with a minor (Counts 1-5), one count of sexual abuse (Count 6), two counts of involving minors in drug offenses (Counts 7 and 8), and three counts of providing minors with alcohol (Counts 9-11). (Respondents' Exh. A, Item 1) Petitioner pleaded guilty to one count of child molestation (amended Count 1), one count of attempted sexual conduct with a minor (amended Count 4), and one count of sexual abuse (Count 6). In exchange for Petitioner's guilty plea, the State agreed to drop the remaining charges. (Respondents' Exh. C, Item 44)

On March 21, 2003, the trial court[1] sentenced Petitioner on Count 1 to an aggravated term of 19 years imprisonment, with credit for 291 days of presentence incarceration. (Respondents' Exh. D, Item 57 at 2) On Counts 4 and 6, the trial court suspended the imposition of sentence and placed Petitioner on lifetime probation. (Id.)

### *Rule 32 "of-right" Proceeding*

By pleading guilty, Petitioner waived his right to a direct appeal under Arizona law. However, he retained his right to seek review in an "of-right proceeding" under Arizona Rule of Criminal Procedure 32. Ariz.R.Crim.P. 32.1, 32.4. On April 3, 2003, Petitioner sought reivew in a Rule 32 of-right proceeding. (Respondents' Exh. E, Items 58, 59) On May 6, 2003, the court[2] appointed Petitioner counsel. (Respondents' Exh. F, Item 60) Counsel filed a notice advising the court that she was unable to find any colorable claim to raise in a Rule 32 petition. (Respondents' Exh. G, Item 66; Exh. H, Item 67) The court then ordered counsel to remain in an advisory capacity for Petitioner and ordered Petitioner to file a *pro per* petition for post-conviction relief on or before December 10, 2003. (Respondents' Exh. H) On January 5, 2004, the trial court dismissed the Rule 32 proceedings based on Petitioner's failure to file a *pro se* petition. (Respondents' Exh. I) Petitioner did not seek appellate review of the order dismissing his Rule 32 of-right proceeding.

### *Second Rule 32 Proceeding*

On October 12, 2004, Petitioner filed a second notice of post-conviction relief which was untimely under Arizona law. (Respondents' Exh. J, Item 69) Petitioner asserted that the court should consider his untimely notice under Ariz.R.Crim.P. 32.1(g) because Blakely v. Washington, 542 U.S. 296 (2004) was a significant change in the law that applied to his case. On October 28, 2004, the trial court[3] determined that Petitioner's notice of post-conviction relief was untimely and was not within any exception for untimeliness because Blakely did not apply

---

[1] The Honorable Mark F. Aceto presided.

[2] The Honorable Thomas W. O'Toole presided over the Rule 32 of-right proceeding.

[3] The Honorable Edward Ballinger, Jr. presided over the second Rule 32 proceeding.

retroactively to Petitioner's case. (Respondents' Exh. K, Item 71) Petitioner sought review in the Arizona Court of Appeals which was denied on August 16, 2005. (Respondents' Exh. L) Thereafter, Petitioner petitioned the Arizona Supreme Court for review which was denied on April 14, 2006. (Respondents' Exhs. M, N)

### *Petition for Writ of Habeas Corpus*

Thereafter, on June 29, 2006, Petitioner filed the pending Petition for Writ of Habeas Corpus claiming that his sentence violates <u>Blakely</u> because aggravating factors were not found by a jury beyond a reasonable doubt. (docket # 1)

### **ANALYSIS**

Respondents assert that the Petition should be dismissed as untimely or, alternatively, as procedurally barred.

**I.  Statute of Limitations**

On April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") went into effect drastically altering the time limit imposed on state prisoners filing habeas corpus petitions in federal court. Before the AEDPA, virtually no time limit restrained the filing of federal habeas petitions. Calderon v. United States Dist. Court, 128 F.3d 1283, 1286 (9th Cir. 1997) (<u>Beeler</u>), *cert. denied*, 523 U.S. 1, and *cert. denied*, 523 U.S. 1061 (1998), *overruled in part on other grounds by* Calderon v. United States District Court (Kelly), 163 F.3d 530, *cert. denied*, 119 S.Ct. 1377 (1999). The AEDPA established a one-year period in which to file a petition for writ of habeas corpus in federal court. 28 U.S.C. § 2244(d)(1). Because Petitioner filed his Petition after the effective date of the AEDPA, it governs this action.

Title 28 U.S.C. § 2244 provides, in pertinent part, that:

> (D)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.
>
> The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became *final by the conclusion of direct review* or the expiration of the time for seeking such review.

28 U.S.C. § 2244(d)(1)(A)(emphasis added).

## A. "Final by Conclusion of Direct Review"

To assess the timeliness of Petitioner's Petition for Writ of Habeas Corpus, the Court must first determine the date on which Petitioner's conviction became "final by conclusion of direct review." 28 U.S.C. § 2244(d)(1)(A). In making this determination, it is significant that by pleading guilty, Petitioner waived his right to a direct appeal under Arizona law. A.R.S. § 13-4033(B). Petitioner, however, retained the right to seek review in an "of-right" proceeding pursuant to Ariz.R.Crim.P. 32. Ariz.R.Crim.P. 32.1, 32.4.

The Ninth Circuit recently addressed, as a matter of first impression, the question of when the conviction of a pleading defendant in Arizona becomes "final by the conclusion of direct review" for purposes of 28 U.S.C. § 2244(d)(1). Summers v. Schriro, ___F.3d___, No. 05-16650, 2007 WL 738447, * 4 (9th Cir., March 13, 2007). The Court held that an "'of-right proceeding', available under Arizona Rule of Criminal Procedure 32 to criminal defendants who plead guilty, is a form of 'direct review' within the meaning of 28 U.S.C. § 2244(d)(1)." Id. at * 1. The Summers court then explained that "[b]ecause a Rule 32 of-right proceeding is a form of direct review, AEDPA's one-year statute of limitations does not begin to run until the conclusion of the Rule 32 of-right proceeding and review of that proceeding, or until the expiration of the time for seeking such proceeding or review." Id.

Prior to Summers, numerous courts had followed Isley in which the Ninth Circuit assumed, without deciding, that an Arizona pleading defendant's conviction becomes final upon sentencing because the guilty plea waives his right to direct appeal. Isley v. Arizona Department of Corrections, 383 F.3d 1054, 1055 (9th Cir. 2004); Pettijohn v. Schriro, No. CV-06-00948-PCT-NVW (MEA), 2007 WL 162688 (D.Ariz, Jan. 18, 2007); Gutierrez v. McDaniel, No. CV-06-0085-PHX-SRB (JRI), 2006 WL 3449098 (D.Ariz., Nov. 29, 2006); Jones v. Schriro, No. CV-05-3831-PHX-SRB (JRI), 2006 WL 2640618 (D.Ariz. Sept. 13, 2006); Bradford v. Schriro, CV-06-0530-PHX-NVW (MEA), 2006 WL 1722310 (D.Ariz. June 20, 2006);Levya v. Schriro, No. CV-04-1871-PHX-SRB (JRI), 2006 WL 1620301(D.Ariz. June 7, 2006); Bailey v. Schriro, No. 05-0650-PHX-ROS (JRI) 2006 WL 1543983, * 3 (D.Ariz. June 2, 2006); Lusian v. Kimble, No. 05-1399-PHX-DGC (ECV), 2006 WL 1305250 (D.Ariz. May 10, 2006).

1    Indeed, Respondents relied on Isley in support of their assertion that Petitioner's
2 conviction became final on March 21, 2003, the date on which the trial court entered judgment
3 and sentenced Petitioner.  (docket # 9 at 4)  In view Summers, it is now clear that Petitioner's
4 conviction did not become final on the date of sentencing.  Aside from relying on Isley to
5 determine the date on which Petitioner's conviction became final, Respondents' conclusion that
6 the Petition is untimely is accurate.

7    Under Summers, because Petitioner pleaded guilty, his conviction became final upon
8 "the conclusion of the Rule 32 of-right proceeding and review of that proceeding, or [upon] the
9 expiration of the time for seeking such proceeding or review."  Summers, ___ F.3d___, 2007
10 WL 738447, * 1.  Petitioner pleaded guilty and was sentenced on March 21, 2003.  By virtue
11 of his plea, the only avenue of review was a Rule 32 of-right proceeding.  Under Ariz.R.Crim.P.
12 32, Petitioner had ninety days from the entry of judgment and sentence within which to file a
13 notice of review under Rule 32.  Ariz.R.Crim.P. 32.1, 32.4(a)(stating that "[i]n a Rule 32 of-
14 right proceeding the notice must be filed within ninety days after the entry of judgment and
15 sentence or within thirty days after the issuance of the final order or mandate by the appellate
16 court in the petitioner's first petition for post-conviction relief proceeding.")  Petitioner filed a
17 timely notice of Rule 32 review on April 3, 2003.  (Respondents' Exh. E)  On January 5, 2004,
18 the trial court dismissed the Rule 32 of-right proceeding.  (Respondents' Exh. I )  Petitioner had
19 thirty days after the trial court dismissed the Rule 32 of-right proceeding within which to
20 petition the appellate court for review.  Ariz.R.Crim.P. 32.9(c).  Petitioner did not seek appellate
21 review of the trial court's January 5, 2004 order dismissing his Rule 32 of-right proceeding.
22 Accordingly, his conviction became final on February 5, 2004, when the time for seeking
23 review of the denial of his Rule 32 of-right petition expired.  Summers, ___ F.3d___, 2007 WL
24 738447, * 1.

25    The AEPDA limitations period commenced on February 6, 2004 and expired on or
26 about February 6, 2005.  Petitioner did not file his pending § 2254 petition until June 29, 2006.
27 (docket # 1) Accordingly, absent tolling, it is untimely.
28

**B. Tolling the Limitations Period**

**1. Statutory Tolling**

Pursuant to the AEDPA, the one-year limitations period is tolled during the time that a "*properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2)(emphasis added); Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999)(stating that an application for collateral review is pending in State court for "all the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state remedies with regard to particular post-conviction proceedings.") This time period includes the intervals between the disposition of an appeal or post-conviction petition and the filing of an appeal or successive petition at the next state appellate level. Nino, 183 F.3d at 1006.

Petitioner filed a notice of post-conviction relief in state court on October 12, 2004. The trial court rejected that notice as untimely and, therefore, it was not properly filed. Pace v. DiGuglielmo, 544 U.S. 408, 416-17 (2005); Satterfield v. Johnson, 434 F.3d 185, 192 (3rd Cir. 2006)(noting that "the Court in Pace made clear that a petition ruled untimely by a state court cannot be 'properly filed' even if some judicial review is necessary to determine if the filing condition, or an exception to it, is met.")

Specifically, the state court found that the Blakely claim raised in Petitioner's untimely notice of post-conviction relief did not fit within any of the categories that can be raised in an untimely petition. (Respondents' Exh. K); Ariz.R.Crim.P. 32.4 (providing that any notice not timely filed may only raise claims pursuant to Ariz.R.Crim.P. 32.1(d)-(h)). To determine whether the untimely notice of post-conviction relief fell within the Rule 32.1(g) exception, the trial court had to determine if "[t]here had been a significant change in the law that if determined to apply to defendants' case would probably overturn the defendant's conviction or sentence." Ariz.R.Crim.P. 32.1(g)   In other words, the trial court had to determine whether Blakely applied retroactively to Petitioner's case. The court found that because Petitioner's convictions and sentences had become final before Blakely was decided on

- 6 -

June 24, 2004, <u>Blakely</u> did not apply retroactively to Petitioner's case. (Respondents' Exh. K) Therefore, Ariz.R.Crim.P. 32.1(g) did not apply and Petitioner's notice filed October 12, 2004 was untimely.

An untimely notice of post-conviction relief is not properly filed for § 2244(d)(2) purposes, and therefore, does not toll the limitations period. <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 416-17 (2005)(stating that an untimely notice of post-conviction relief is not properly filed for § 2244(d)(2) purposes, and therefore, does toll the AEDPA limitations period). The Supreme Court has held that "when a petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." <u>Pace</u>, 544 U.S. at 414-17(holding that "time limits, no matter their form, are 'filing' conditions. Because the state court rejected petitioner's [petition for post-conviction relief] as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2).") Because Petitioner's October 12, 2004 notice of post-conviction relief did not toll the AEDPA limitations period it expired on February 5, 2005. Therefore, Petitioner's June 29, 2006 Petition is untimely absent equitable tolling.

**2. Equitable Tolling**

The Ninth Circuit recognizes that the § 2244(d) limitations period may be equitably tolled because it is a statute of limitations, not a jurisdictional bar. <u>Calderon (Beeler)</u>, 128 F.3d at 1288. Tolling is appropriate when "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." <u>Id.</u>; see also, <u>Miranda v. Castro</u>, 292 F.3d 1063, 1067 (9th Cir. 2002)(stating that "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.")(citations omitted); <u>Spitsyn v. Moore</u>, 345 F.3d 796, 799 (9th Cir. 2003). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." <u>Miles v. Prunty</u>, 187 F.3d 1104, 1107 (9th Cir. 1999). The prisoner must show that the "extraordinary circumstances were the but-for and proximate cause of his untimeliness." <u>Allen v. Lewis</u>, 255 F.3d 798, 799 (9th Cir. 2001)(internal quotation marks and citations omitted). The extraordinary circumstances requirement is a "high hurdle,"

1 see Calderon (Beeler), 128 F.3d at 1289, and policy considerations counsel against equitable
2 tolling. Mohasco Corp. v. Silver, 447 U.S. 807, 826 (1980).  A petitioner seeking equitable
3 tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2)
4 that some extraordinary circumstance stood in his way." Pace, 544 U.S. at 418.

5 As a general matter, Petitioner's status as a prison inmate does not constitute an
6 extraordinary circumstance beyond his control warranting the tolling of the one-year limitations
7 period. Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000).  Likewise, Petitioner's lack of
8 familiarity with the law and lack of legal assistance do not toll the limitations period. Rasberry
9 v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Hughes v. Idaho State Board of Corrections, 800
10 F.2d 905, 909 (9th Cir. 1986)(finding that a *pro se* prisoner's illiteracy was not sufficient to
11 satisfy the standard of an objective, external factor amounting to "cause" for purposes of
12 avoiding the procedural bar on his habeas claim); see also, Lewis v. Casey, 518 U.S. 343, 351
13 (1996)(holding that there is no "freestanding right to a law library or legal assistance.")

14 In summary, Petitioner has failed to present any circumstances that would justify
15 equitably tolling the AEDPA statute of limitations.  Accordingly, his § 2254 Petition should be
16 denied as untimely.  Alternatively, the Petition should be dismissed based on Petitioner's failure
17 to exhaust state court remedies.

18 **II. Exhaustion**

19 Under 28 U.S.C. § 2254(b)(1), before a federal court may consider a state prisoner's
20 application for habeas relief, the prisoner must have exhausted, in state court, every claim raised
21 in his petition. Coleman v. Thompson, 501 U.S. 722, 731 (1991).  To properly exhaust state
22 remedies, the prisoner must have afforded the state courts the opportunity to rule upon the
23 merits of his federal constitutional claim by "fairly presenting" the claim to the state courts in
24 a procedurally appropriate manner. Castille v. Peoples, 489 U.S. 346, 349 (1989). "To provide
25 the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each
26 appropriate state court . . . thereby alerting the court to the federal nature of the claim." Baldwin
27 v. Reese, 541 U.S. 27, 29 (2004).

28

It is not enough that all the facts necessary to support the federal claim were before the state court or that a "somewhat similar" state law claim was raised. Reese, 541 U.S. at 29. (stating that a reference to ineffective assistance of counsel does not alert the court to the federal nature of the claim.) The habeas petitioner must cite in state court to the specific constitutional guarantee upon which he bases his claim in federal court. Tamalini v. Stewart, 249 F.3d 895, 898 (9th Cir. 2001). General appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish fair presentation of a federal constitutional claim. Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), *amended on other grounds*, 247 F.3d 904 (9th Cir. 2001); Shumway v. Payne, 223 F.3d 982, 987 (9th Cir. 2000)(insufficient for prisoner to have made "a general appeal to a constitutional guarantee," such as a naked reference to "due process," or to a "constitutional error" or a "fair trial.") Similarly, a mere reference to the "Constitution of the United States" does not preserve a federal claim. Gray v. Netherland, 518 U.S. 152, 162-63 (1996). Even if the basis of a federal claim is "self-evident" or if the claim would be decided "on the same considerations" under state or federal law, the petitioner must make the federal nature of the claim "explicit either by citing federal law or the decision of the federal courts . . . ." Lyons, 232 F.3d at 668.

Where a prisoner fails to "fairly present" a claim to the state courts in a procedurally appropriate manner, state court remedies may, nonetheless be "exhausted." This type of exhaustion is often referred to as "procedural default" or "procedural bar." Ylst v. Nunnemaker, 501 U.S. 797, 802-05 (1991); Coleman, 501 U.S. at 731-32. There are two categories of procedural default. First, a state court may have applied a procedural bar when the prisoner attempted to raise the claim in state court. Nunnemaker, 501 U.S. at 802-05. If the state court also addressed the merits of the underlying federal claim, the "alternative" ruling does not vitiate the independent state procedural bar. Harris v. Reed, 489 U.S. 255, 264 n. 10 (1989); Carringer v. Lewis, 971 F.2d 329, 333 (9th Cir. 1992)(state supreme court found ineffective assistance of counsel claims "barred under state law," but also discussed and rejected the claims on the merits, en banc court held that the "on-the-merits" discussion was an "alternative ruling" and

the claims were procedurally defaulted and barred from federal review.)  A higher court's subsequent summary denial of review affirms the lower court's application of a procedural bar. Nunnemaker, 501 U.S. at 803.

Second, the state prisoner may not have presented the claim to the state courts, but pursuant to the state courts' procedural rules, a return to state court would be "futile." Teague v. Lane, 489 U.S. 288, 297-99 (1989).  Any claim not previously presented to the Arizona courts is procedurally barred from federal review because any attempt to return to state court to properly exhaust a current habeas claim would be "futile."  Ariz. R. Crim. P. 32.1, 32.2(a) & (b); Beaty v. Stewart, 303 F.3d 975, 987 (9th Cir. 2002); State v. Mata, 185 Ariz. 319, 322-27, 916 P.2d 1035, 1048-53 (1996); Ariz. R. Crim. P. 32.1(a)(3)(relief is precluded for claims waived at trial, on appeal, or in any previous collateral proceeding); 32.4(a), Ariz. R. Crim. P. 32.9 (stating that petition for review must be filed within thirty days of trial court's decision). A state post-conviction action is futile where it is time barred.  Beaty, 303 F.3d at 987; Moreno v. Gonzalez, 116 F.3d 409, 410 (9th Cir. 1997)(recognizing untimeliness under Ariz. R. Crim. P. 32.4(a) as a basis for dismissal of an Arizona petition for post-conviction relief, distinct from preclusion under Rule 32.2(a)).

In either case of procedural default, federal review of the claim is barred absent a showing of "cause and prejudice" or a "fundamental miscarriage of justice." Dretke v. Haley, 541 U.S. 386, 393-94(2004); Murray v. Carrier, 477 U.S. 478, 488 (1986). To establish cause, a petitioner must establish that some objective factor external to the defense impeded his efforts to comply with the state's procedural rules. Murray v. Carrier, 477 U.S. 478, 488 (1986). The following objective factors may constitute cause: (1) interference by state officials, (2) a showing that the factual or legal basis for a claim was not reasonably available, or (3) constitutionally ineffective assistance of counsel. Murray, 477 U.S. at 488.  To establish prejudice, a prisoner must demonstrate that the alleged constitutional violation "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional

dimension." United States v. Frady, 456 U.S. 152, 170 (1982).  Where petitioner fails to establish cause, the court need not reach the prejudice prong.

To establish a "fundamental miscarriage of justice" resulting in the conviction of one who is actually innocent, a state prisoner must establish that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt in light of new evidence. Schlup v. Delo, 513 U.S. 298, 327 (1995); 28 U.S.C. § 2254(c)(2)(B).

Petitioner only raises one claim in his Petition - that the trial court erred in imposing an aggravated sentence based on factors that were not found by a jury.  (docket # 1 at 5) Petitioner raised this claim in his October 12, 2004 notice of post-conviction relief.  The trial court found that Petitioner's notice of post-conviction relief was untimely under Arizona law and dismissed it as such.  (Respondents' Exh. J)  In other words, the state court applied a procedural bar to Petitioner's claim.

A federal court will not review a federal question decided by a state court "if the decision rests on a state law ground that is independent of the federal question and adequate to support the judgment." Coleman, 501 U.S. at 729.  This "doctrine applies to bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner failed to meet a state procedural requirement." Id. at 729-30.  "In these cases, the state judgment rests on independent and adequate state procedural grounds." Id. at 730.  A prisoner who has failed to comply with a state's procedural rules for presenting his federal claims "has deprived the state courts of an opportunity to address those claims in the first instance." Id. at 732.

In this case, the state court applied such a procedural bar and, therefore, Petitioner's challenge to his sentence is procedurally defaulted.  Claims that are procedurally barred from federal habeas review may warrant review on the merits if petitioner demonstrates: (1) cause for the default and actual prejudice; or (2) that failing to review the claims "will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 724.  To establish cause for the default, a petitioner must establish that "some objective factor external to the defense impeded [his efforts] to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488

(1986). Prejudice is proved by demonstrating that the alleged constitutional violation "worked to [a petitioner's] actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." United States v. Frady, 456 U.S. 152, 170 (1982). Cause and prejudice are conjunctive requirements; where a petitioner fails to establish cause for his procedural default, the court need not consider whether petitioner has shown actual prejudice resulting from the alleged constitutional violations. Smith v. Murray, 477 U.S. 527, 533 (1986).

The "fundamental miscarriage of justice" exception applies only when a constitutional violation probably has resulted in the conviction of one actually innocent of a crime. Casey v. Moore, 386 F.3d 896, 921 n. 27 (9th Cir. 2004). To establish a "fundamental miscarriage of justice" resulting in the conviction of one who is actually innocent, a state prisoner must establish that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt in light of new evidence. Schlup v. Delo, 513 U.S. 298, 327 (1995); 28 U.S.C. § 2254(c)(2)(B); Calderon v. Thompson, 523 U.S. 538, 559 (1998) ("[T]he miscarriage of justice exception is concerned with actual as compared to legal innocence. . . . Given the rarity of [reliable] evidence [of actual innocence], in virtually every case, the allegation of actual innocence has been summarily rejected.") (internal quotation marks and citations omitted).

Petitioner does not offer any explanation for his failure to present his pending claim to the state court in a procedurally appropriate manner. Because Petitioner has failed to establish cause for his procedural default, the Court need not examine the existence of prejudice from the alleged violation of federal law. Nor has Petitioner shown that his claim requires federal review to prevent a fundamental miscarriage of justice. The fundamental miscarriage of justice exception applies only when a petitioner establishes "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Schlup, 513 U.S. at 327. Here, Petitioner has not established that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt in light of new

evidence. Id. The fundamental miscarriage of justice exception does not apply in this case and a miscarriage of justice would not result from upholding the procedural bar.

**III. Conclusion**

In summary, Petitioner's claim fails as untimely or as procedurally barred.

Accordingly,

IT IS HEREBY RECOMMENDED that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (docket # 1) be **DENIED**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See,* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have ten days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See*, Rule 72, Federal Rules of Civil Procedure.

DATED this 20th day of March, 2007.

Lawrence O. Anderson
United States Magistrate Judge

- 13 -