1  **WO**

2

3

4

5

6                      IN THE UNITED STATES DISTRICT COURT

7                          FOR THE DISTRICT OF ARIZONA

8

9   Ronald Henry Harris,                    )    No. CV-06-1653-PHX-JAT (LOA)
                                            )
10            Petitioner,                    )    **ORDER**
                                            )
11  vs.                                      )
                                            )
12                                          )
    Dora Schriro, et al.,                    )
13                                          )
             Respondents.                    )
14                                          )
    _____      )
15

16        Pending before the Court is United States Magistrate Judge Lawrence O. Anderson's

17  Report and Recommendation ("R&R") filed on March 20, 2007 (Doc. # 10).  The R&R

18  recommends that the Court deny the Petition for writ of Habeas Corpus ("Petition") filed on

19  June 29, 2006  pursuant to 28 U.S.C. § 2254 (Doc. # 1).  Reviewing the case de novo, for the

20  reasons set forth below, the Court will adopt the R&R and deny the Petition.

21  **I.      BACKGROUND**

22        On August 4, 2006, this case was referred to Magistrate Judge Anderson.  In his R&R

23  recommending that the Petition be denied, Judge Anderson advised the Petitioner that: (1)

24  he had ten days to file specific written objections to the R&R, and (2) that the failure to

25  timely file objections to any of the Judge's factual determinations would be considered a

26  waiver of the rights to de novo and appellate review of such determinations.  (R&R at 13).

27  The Petitioner has objected to Magistrate Judge Anderson's findings that the Petitioner's

28  untimely 28 U.S.C. § 2245 Petition was not subject to equitable tolling and that Petitioner's

challenge to his sentence was procedurally defaulted.  Petitioner also requests an evidentiary hearing.

## II.   STANDARD OF REVIEW

"Failure to object to a magistrate judge's recommendation waives all objections to the judge's findings of fact."  Jones v. Wood, 207 F.3d 557, 562 n.2 (9th Cir. 2000).  "Within ten days after being served with a copy [of the R&R], any party may serve and file written objections. . . .  [T]he court shall make a de novo determination of those portions of the [R&R] to which objection is made."  Thomas v. Arn, 474 U.S. 140, 149 (1985) ("[§ 636(b)(1)] does not . . . require any review at all . . . of any issue that is not the subject of an objection.").  "The filing of objections . . . enables the district judge to focus attention on those issues . . . that are at the heart of the parties' dispute."  Id. at 147.  It "would be an inefficient use of judicial resources" to "force the district court to review every issue in every case, no matter how thorough the magistrate's analysis and even if both parties were satisfied with the magistrate's [R&R]."  Id. at 148.  The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  28 U.S.C. § 636(b)(1); see Fed. R. Civ. P. 72(b).

## III.   ANALYSIS

### STATUE OF LIMITATIONS

The R&R recommends that the Petition be dismissed as untimely.  Because the Petition was filed in 2006, it is governed by the statute of limitations prescribed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d), which provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United

- 2 -

States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation  under this subsection.

For purposes of § 2244(d)(1)(A), Petitioner's conviction became final on February 5, 2004, when his time for appealing his conviction to the United State Supreme Court expired. See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999).  Because Petition's conviction became final after the enactment of the AEDPA, his Petition for writ of habeas corpus would normally be due within one year after his conviction became final, or February 6, 2005.  See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

Under Arizona law, when a defendant pleads guilty, his or her conviction becomes final after the expiration of the time for seeking a Rule 32 of-right proceeding or review.  See Summers v. Schriro 481 F.3d 710, 711 (9th Cir. 2007).  In the instant case, Petitioner pled guilty and was sentenced on March 21, 2003.  Petitioner filed a timely notice of Rule 32 review on April 3, 2003.  On January 5, 2004, the trial court dismissed the Petitioner's Rule 32 of-right proceeding.  Petitioner then had thirty days after the trial court had dismissed the Rule 32 of-right proceeding in which to petition the appellate court for review.  Ariz.R.Crim.P. 32.9(c).  Petitioner did not seek appellate review of the trial court's January 5, 2004 order dismissing his Rule 32 of-right proceeding.  Thus, Petitioner's conviction became final on February 5, 2004 and the AEDPA limitations period commenced on February 6, 2004.  On February 6, 2005, one year later, the AEDPA limitations expired.  The Petitioner did not file his § 2245 until June 29, 2006.

1

## STATUTORY TOLLING

2    The one year statute of limitation is tolled during the time that a "properly filed

3 application for State post conviction or other collateral review with respect to the pertinent

4 judgment or claim is pending."  28 U.S.C. § 2244(d)(2); Nino v. Galaza, 183 F.3d 1003,

5 1006 (9th Cir. 1999).

6    Whether the Petition is timely turns on what is a "properly filed" action for purposes

7 of 28 U.S.C. § 2244(d)(2).  In Artuz, the Supreme Court held that an application is properly

8 filed when its delivery and acceptance comply with the applicable laws and rules governing

9 filing.  Artuz v. Bennett, 531 U.S. 4, 8 (2000).

10    On October 12, 2004 the Petitioner filed a notice of post conviction relief in state

11 court.  Petitioner's post conviction relief notice was rejected as untimely and thus was not

12 properly filed.  See Pace v. DiGuglielmo 544 U.S. 408, 416-17 (2005).  The trial court found

13 that the Petitioner's untimely notice of post conviction relief did not fall within the Rule

14 32.1(g) exception as there had not been a significant change in law that if applied to

15 Petitioner's case would likely overturn his sentence.  Ariz.R.Crim.P. Rule 32.1(g).  Because

16 the state court found the Petitioner's Petition for post conviction relief untimely, the filing

17 of this Petition for post conviction relief did not toll the statute of limitations under 28 U.S.C.

18 § 2244(d)(2).  Absent equitable tolling, Petitioner's June 29, 2006 Petition was untimely.

19

## EQUITABLE TOLLING

20    The Supreme Court set forth a two-prong test for what Petitioner must show to

21 establish equitable tolling:

22    1.    that Petitioner has been diligently pursing his rights; and

23    2.    that some extraordinary circumstance stood in Petitioner's way and prevented

24 him from timely filing his Petition.

25 Pace v. Diguglielmo, 544 U.S. at 418.

26    Petitioner argues two factual scenarios that he claims amount to extraordinary

27 circumstances justifying equitable tolling of the statue of limitations.  First, he claims his

28

1    appointed counsel mishandled his first Rule 32 Petition.  However, Petitioner does not

2    specifically state how his court appointed counsel mishandled his Rule 32 Petition, but in one

3    sentence states that his appointed counsel egregiously mishandled his first Rule 32 Petition

4    (Doc. # 15, p. 8).  The unsubstantiated assertion of ineffective assistance of counsel without

5    adequate specificity is not enough to demonstrate a claim for relief.  Washington v. Lampert,

6    422 F.3d 864, 871 (9th Cir. 2005). Petitioner's lack of familiarity with the law and lack of

7    legal assistance do not toll the limitations period.  Raspberry v. Garcia, 448 F.3d 1150, 1154

8    (9th Cir. 2006).  Additionally, Petitioner's first Rule 32 Petition was timely so the

9    mishandling of his first Rule 32 Petition should not have caused the untimeliness of the

10   Petitioner's second Rule 32 Petition, nor the untimeliness of the habeas petition before the

11   Court.  This Court agrees with the R&R that Petitioner's claim of ineffective assistance of

12   counsel in filing his first Rule 32 Petition does not amount to extraordinary circumstances

13   justifying tolling the statute of limitations.  See Turner v. Johnson, 177 F.3d 390, 392 (5th

14   Cir. 1999).

15           Second, Petitioner claims that the legal resources available to him prevented him from

16   timely filing his first Rule 32 Petition.  Petitioner specifically asks the court to take note of

17   the contract paralegal assistance that he was given in absence of other legal resources.  Prison

18   law libraries are one constitutionally acceptable method to assure inmates meaningful access

19   to the courts, however this does not bar other methods to achieve this goal.  Lewis v. Casey,

20   518 U.S. 343, 351 (1996).  The Court notes that in some cases inadequate legal materials can

21   be an "impediment" which justifies late filing, or can form the basis for equitable tolling.

22   See Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc).  However,

23   Petitioner only asks the court to take notice of the contract paralegal system, but does not

24   specifically state how the contract paralegal system caused his untimely filing. Petitioner has

25   not demonstrated how the alleged inadequacies of the prison legal system caused him actual

26   injury.  See Lewis, 518 U.S. at 348.

27

28                                                    - 5 -

Petitioner has not alleged any circumstances that would rise to a level to justify equitably tolling of the AEDPA statute of limitations.  Therefore, the Petition will be denied as untimely because, having considered all statutory tolling available, Petitioner's conviction became final on February 5, 2004 and his time to file his Petition expired on February 6, 2005.  The Court finds that the Petition filed on June 29, 2006 was untimely and barred by the AEDPA's one year statue of limitations.

**EXHAUSTION**

Although the Court has concluded that the Petition was untimely, the Court will, in the alternative, consider the Petition as if it had been timely filed.  Unless it appears a petitioner has exhausted his available state court remedies the AEDPA requires that a writ of habeas corpus be denied.  28 U.S.C. § 2254(b)(1).  State remedies are properly exhausted if the prisoner afforded the state courts the opportunity to rule on the merits of his federal constitutional claim by "fairly presenting" the claim to the state courts in a procedurally appropriate manner.  Castille v. Peoples, 489 U.S. 346, 349 (1989).

A claim is "fairly presented" if the petitioner has described the operative facts and the federal legal theory on which his claim is based so that the state courts have a fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim.  Anderson v. Harless, 459 U.S. 4, 6 (1982).  Commenting on the importance of fair presentation, the United States Supreme Court has stated:

> If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan v. Henry, 513 U.S. 364, 365-66 (1995).

A habeas petitioner's claims may be precluded from federal review in either of two ways.  First, a claim may be procedurally defaulted in federal court if it was actually raised in state court but found by that court to be defaulted on state procedural grounds.  Coleman,

- 6 -

501 U.S. at 729-30.  Second, a claim may be procedurally defaulted in federal court if the petitioner failed to present the claim in any forum and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred."  Id. at 735.

Rule 32 of the Arizona Rules of Criminal Procedure governs when petitioners may seek relief in post conviction proceedings and raise federal constitutional challenges to their convictions or sentences in state court.  Pursuant to Rule 32.2, petitioners may not be granted relief on any claim which could have been raised in a prior Rule 32 Petition for post conviction relief.  Only if a claim falls within certain exceptions (subsections (d) through (h) of Rule 32.1) and the petitioner can justify why the claim was omitted from a prior petition will the preclusive effect of Rule 32.2 be avoided.

Therefore, in the present case, if there are claims which have not been raised previously in state court, this Court must determine whether Petitioner has state remedies currently available to him pursuant to Rule 32.  If no remedies are currently available, petitioner's claims are "technically" exhausted but procedurally defaulted.  Coleman, 501 U.S. at 732, 735 n.1.  In addition, if there are claims that were fairly presented in state court but found defaulted on state procedural grounds, such claims also will be found procedurally defaulted in federal court so long as the state procedural bar was independent of federal law and adequate to warrant preclusion of federal review.  Harris v. Reed, 489 U.S. 255, 262 (1989).

Petitioner raised a claim that the trial court erred in imposing an aggravated sentence in his October 12, 2004 notice of post conviction relief.  The trial court applied a procedural bar to Petitioner's claim when it dismissed his notice of post conviction relief as untimely under Arizona law. (Respondent's Exh. J).  Therefore, this claim is procedurally defaulted.  This claim is also technically exhausted because Petitioner has no remedies still available in state court.

1    Because the doctrine of procedural default is based on comity, not jurisdiction, federal

2    courts retain the power to consider the merits of procedurally defaulted claims in limited

3    circumstances. Reed v. Ross, 468 U.S. 1, 9 (1984). As a general matter, the Court will not

4    review the merits of procedurally defaulted claims unless a petitioner demonstrates legitimate

5    cause for the failure to properly exhaust in state court and prejudice from the alleged

6    constitutional violation, or shows that a fundamental miscarriage of justice would result if

7    the claim was not heard on its merits in federal court. Coleman, 501 U.S. at 748.

8    Ordinarily "cause" to excuse a default exists if a petitioner can demonstrate that "some

9    objective factor external to the defense impeded his or her efforts to comply with the State's

10   procedural rule." Coleman, 501 U.S. at 753. Objective factors which constitute cause

11   include, interference by officials which makes compliance with the state's procedural rule

12   impracticable, a showing that the factual or legal basis for a claim was not reasonably

13   available to counsel, and constitutionally ineffective assistance of counsel. Murray v.

14   Carrier, 477 U.S. 478, 488 (1986). "Prejudice" is actual harm resulting from the alleged

15   constitutional error or violation. Magby v. Wawrzaszek, 741 F.2d 240, 244 (9th Cir. 1984).

16   To establish prejudice resulting from a procedural default, a habeas petitioner bears the

17   burden of showing not merely that the errors at his trial constituted a possibility of prejudice,

18   but that they worked to his actual and substantial disadvantage, infecting his entire trial with

19   errors of constitutional dimension. United States v. Frady, 456 U.S. 152, 170 (1982). Cause

20   and prejudice are conjunctive requirements; where a petitioner fails to establish cause for his

21   procedural default, the court need not consider whether petitioner has shown actual prejudice

22   resulting from alleged constitutional violations. Smith v. Murray, 477 U.S. 527, 533 (1986).

23   Petitioner claims that he unknowingly procedurally defaulted; however it does not

24   need to be shown that the Petitioner knowingly defaulted, but only that the Petitioner

25   defaulted. Petitioner received appointed counsel when he filed his first Rule 32 Petition.

26   Petitioner states no objective factors for his procedural default but only broadly lists case

27   rulings of which he was not informed. Petitioner offers no explanation for his failure to

28

present his pending claim to the state court in a procedurally appropriate manner. Accordingly, Petitioner has failed to show cause for his procedural default. Additionally, because the Petitioner has failed to show cause for his procedural default the Court will not consider the prejudice requirement.

If a petitioner cannot meet the cause and prejudice standard, the Court still may hear the merits of procedurally defaulted claims if the failure to hear the claims would constitute a "fundamental miscarriage of justice." <u>Sawyer v. Whitley</u>, 505 U.S. 333, 340 (1992). To establish the requisite probability, the petitioner must show that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." <u>Schlup v. Delo</u>, 513 U.S. 298, 324 (1995).

Petitioner does not claim that federal judicial review is required to prevent a fundamental miscarriage of justice. Petitioner has pled guilty to one count of child molestation and is not claiming that no reasonable jury would have found him guilty beyond a reasonable doubt in light of new evidence. Accordingly, even if the Petition in this case was not barred by the statute of limitations, Petitioner still would not be entitled to habeas relief because he did not fairly present his claim to the state court.

**EVIDENTIARY HEARING**

The Court does not find an evidentiary hearing, as requested by Petitioner in his objections, necessary. In <u>Williams</u>, the Supreme Court held that under 28 U.S.C. § 2254(e)(2), a petitioner is entitled to an evidentiary hearing if he presents a "meritorious claim" and he exercised reasonable diligence in developing the factual record in the state proceedings. <u>Williams v. Taylor</u>, 529 U.S. 420, 434-37. A petitioner exercises the diligence necessary to preserve a claim if "the prisoner made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court." <u>Id.</u> at 435.

Thus, in order to qualify for an evidentiary hearing, a petitioner must both: "(1) allege facts which, if proven, would entitle him to relief, and (2) show that he did not receive a full and fair hearing in a state court, either at the time of the trial or in a collateral proceeding."

1   Belmontes v. Brown, 414 F.3d 1094, 1124 (9th Cir. 2005).  No hearing is necessary,

2   however, if this Court "is able to determine without a hearing that the allegations are without

3   credibility or that the allegations if true would not warrant a new trial . . . ."  United States

4   v. Navarro-Garcia, 926 F.2d 818, 822 (9th Cir. 1991).

5          Petitioner requests an evidentiary hearing but does not state why this hearing is

6   necessary.  The Court finds that Petitioner has not made any allegations that, if true, would

7   warrant a new trial.  Petitioner's only mention of an evidentiary hearing is in his concluding

8   paragraph of his objections where he states, "Petitioner is entitled to...an evidentiary

9   hearing." (Doc. # 15).  Petitioner failed to appeal his first Rule 32 Petition and submitted an

10  untimely second Rule 32 Petition over sixteen months after the expiration of the AEDPA

11  deadline.  Petitioner has only broadly stated that his court appointed counsel for his first Rule

12  32 Petition was inadequate, but has set out no facts as to why his counsel was constitutionally

13  unsatisfactory or why this prevented him for submitting a timely second Rule 32 Petition.

14  The broad assertion of ineffective assistance of counsel without specific facts is not sufficient

15  to grant relief.  Washington, 422 F.3d at 871.  Accordingly, the Court will not conduct an

16  evidentiary hearing.

17  / / /

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28

**IV.    CONCLUSION**

Having reviewed, de novo, the Petitioner's objections in light of the facts, the Court agrees with the Magistrate Judge's recommendation.  Accordingly, the Court will accept the Magistrate Judge's recommendation that the Petition be denied.

**IT IS THEREFORE ORDERED** that Petitioner's motion to supplement his objections to the magistrate's report and recommendations (Doc. # 16), which added a verification to his objections, is **GRANTED**.

**IT IS FURTHER ORDERED** that Magistrate Judge Anderson's R&R (Doc. # 10) is **ADOPTED**, and Petitioner's objections thereto (Doc. # 15) are **OVERRULED**.

**IT IS FURTHER ORDERED** that Petitioner's Petition (Doc. # 1) is **DENIED** and this action is **DISMISSED WITH PREJUDICE**.

DATED this 29th day of June, 2007.

James A. Teilborg
United States District Judge

- 11 -